IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP,<br><br>        Plaintiff,<br><br>  v.<br><br>ABC, INC.,<br><br>        Defendant. | C.A. No. 06-730 GMS<br><br>DEMAND FOR JURY TRIAL |

## ABC, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant ABC, Inc. ("ABC"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff Rembrandt Technologies, LP ("Rembrandt") as follows:

### PARTIES

1. ABC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies those allegations.

2. ABC admits that it is a corporation organized under the laws of the State of New York, having a principal place of business at 77 West 66th Street, New York, NY 10023.

### JURISDICTION AND VENUE

3. ABC admits that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code. ABC further admits that this Court has subject matter jurisdiction over the allegations in the Complaint as plead under 28 U.S.C. §§ 1331 and 1338(a).

4. ABC admits that it is subject to personal jurisdiction in this judicial district. Except as so expressly admitted, ABC denies the allegations of paragraph 4 of the Complaint.

5.  ABC admits that venue is proper in this judicial district.

**INFRINGEMENT OF U.S. PATENT NO. 5,243,627**

6.  ABC incorporates by reference its responses in each of paragraphs 1-5 above.

7.  ABC admits that U.S. Patent No. 5,243,627 ("the '627 patent") entitled "Signal Point Interleaving Technique," states on its face that it issued on September 7, 1993, and that a copy was annexed to the Complaint as Exhibit A.  Except as so expressly admitted, ABC denies the allegations of paragraph 7 of the Complaint.

8.  ABC is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies those allegations.

9.  ABC admits that it, either itself or through its subsidiaries, owns and operates a national television network and 10 local television stations that broadcast in the United States.  Except as so expressly admitted, ABC denies the allegations of paragraph 9 of the Complaint.

10. ABC denies the allegations of paragraph 10 of the Complaint.

11. ABC denies the allegations of paragraph 11 of the Complaint.

12. ABC denies the allegations of paragraph 12 of the Complaint.

**AFFIRMATIVE DEFENSES**

13. In addition to the defenses described below, ABC expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FIRST DEFENSE – NON-INFRINGEMENT

14.  ABC has not infringed, directly or indirectly, any valid claims of the '627 patent.

## SECOND DEFENSE – INVALIDITY

15.  The '627 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including, without limitation §§ 102, 103 and 112.

## THIRD DEFENSE – LACHES

16.  The relief sought by Rembrandt is barred in whole or in part by the doctrine of laches.

17.  More specifically, but without limiting the generality of the above allegations, Rembrandt's infringement theory is based on ABC's "transmission, or receipt and retransmission, over its television systems, of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard."  On information and belief, the ATSC Digital Television Standard was adopted by the Advanced Television Systems Committee ("ATSC"), a standards-setting organization, in or about December 1995.  Accordingly, Rembrandt or its predecessors in interest knew or reasonably should have known of the activities alleged to infringe the '627 patent long ago.  Nevertheless, Rembrandt and its predecessors in interest delayed in bringing this suit until December 2006.  This delay was unreasonable, inexcusable, and prejudicial.

## FOURTH DEFENSE – ESTOPPEL

18.  The relief sought by Rembrandt is barred in whole or in part by the doctrine of equitable estoppel.

19. More specifically, but without limiting the generality of the above allegations, upon issuance, the '627 patent was assigned to AT&T Bell Laboratories ("Bell Labs"). On information and belief, in the late 1980s and early 1990s, Bell Labs joined together with several other companies and institutions to form the HDTV Grand Alliance ("Grand Alliance") and was also an active participant in the ATSC. Through its participation in the ATSC and the Grand Alliance, Bell Labs actively engaged in and encouraged the development, promulgation and adoption of the ATSC Digital Television Standard. As a condition of the Federal Communications Commission ("FCC")'s adoption of significant components of the ATSC Digital Television Standard, the FCC required all members of the Grand Alliance to agree to make any relevant patents available to the industry for free or on reasonable and nondiscriminatory terms. Bell Labs agreed to comply with that requirement.

20. On information and belief, Bell Labs and its successors, including Rembrandt, through action or inaction, led ABC and others in the industry to believe that it did not have patents relevant to the ATSC Digital Television Standard, would not assert any patents against the ATSC Digital Television Standard, would license relevant patents to participants in the ATSC and to the industry for free, or would license patents to participants in the ATSC and to the industry on reasonable and nondiscriminatory terms far less than those Rembrandt now appears to be seeking. ABC relied on the conduct of Bell Labs and its successors. ABC will suffer material prejudice if Rembrandt is permitted to pursue its claims.

**FIFTH DEFENSE – PATENT MISUSE/UNCLEAN HANDS**

21. The relief sought by Rembrandt is barred in whole or in part by the doctrines of unclean hands and/or patent misuse.

22. More specifically, but without limiting the generality of the above allegations, Rembrandt's infringement claims are barred because Rembrandt has impermissibly attempted to broaden the scope of the '627 patent. On information and belief, Bell Labs committed to license any patents relevant to the ATSC Digital Television Standard, if not for free, on reasonable and nondiscriminatory terms. In so doing, Bell Labs also irrevocably gave up the right to exclude others from practicing the '627 patent. Because the infringement allegations with respect to the '627 patent are based on compliance with the ATSC Digital Television Standard, Bell Labs' commitment to license the patent, if not for free, on reasonable and nondiscriminatory terms extends to the '627 patent. To the extent Rembrandt now seeks damages beyond such reasonable and nondiscriminatory terms or seeks an injunction to exclude ABC from the alleged practice of the '627 patent, Rembrandt's claims seek to improperly broaden the scope of its patent monopoly and are barred.

### SIXTH DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

23. The relief sought by Rembrandt is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

### SEVENTH DEFENSE – INEQUITABLE CONDUCT

24. The '627 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '627 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '627 patent were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent and Trademark Office. This information includes, without limitation: (1) United States Patent No. 4,677,626, entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems" and issued to

Betts et al. on June 30, 1987; (2) United States Patent No. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," and issued to Wang et al. on September 24, 1999; (3) United States Patent No. 5,105,442, entitled "Coded Modulation With Unequal Error Protection," and issued to Lee-Fang Wei on April 14, 1992; and (4) United States Patent No. 5,056,112, entitled "Interleaving In Coded Modulation For Mobile Radio," and issued to Lee-Fang Wei on October 8, 1991.

## EIGHTH DEFENSE – STATUTE OF LIMITATIONS

25.    To the extent Rembrandt seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Rembrandt is barred by 35 U.S.C. § 286.

## NINTH DEFENSE – NOTICE

26.    To the extent Rembrandt seeks damages for alleged infringement prior to its giving actual or constructive notice of the '627 patent to ABC, the relief sought by Rembrandt is barred by 35 U.S.C. § 287.

## TENTH DEFENSE – NO INJUNCTIVE RELIEF

27.    To the extent Rembrandt seeks injunctive relief for alleged infringement, the relief sought by Rembrandt is unavailable because any alleged injury to Rembrandt is not immediate or irreparable, because Rembrandt has an adequate remedy at law for any alleged injury and because any request for injunctive relief is barred by Rembrandt's or its predecessors in interest's agreements to license the patent for free or on reasonable and nondiscriminatory terms.

## COUNTERCLAIM

Counterclaim-Plaintiff ABC counterclaims against Counterclaim-Defendant Rembrandt as follows:

### PARTIES

28. ABC is a corporation organized under the laws of the State of New York and having a principal place of business at 77 West 66th Street, New York, NY 10023.

29. Rembrandt alleges that it is a limited partnership organized under the laws of the State of New Jersey, having a principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

### JURISDICTION AND VENUE

30. This counterclaim arises under Title 35 of the United States Code. The Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

31. Venue is proper in this judicial district under 28 U.S.C. § 1391.

### COUNTERCLAIM – DECLARATORY JUDGMENT

### '627 PATENT

32. ABC incorporates herein by reference the allegations of paragraphs 1 - 31 of this Answer, Affirmative Defenses and Counterclaim.

33. ABC counterclaims against Rembrandt pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

34. In its Complaint against ABC filed December 1, 2006, Rembrandt alleged that ABC has infringed and is currently infringing the '627 patent by practicing the inventions

claimed therein, and/or by inducing or contributing to the practice by others of the inventions claimed therein.

35. An actual controversy exists between Rembrandt and ABC by virtue of the allegations of Rembrandt's Complaint in this action and ABC's Answer as to the validity, enforceability and infringement of the '627 patent.

36. The '627 patent is invalid, unenforceable, and not infringed, as set forth in paragraphs 14 through 24 above.

37. ABC is entitled to judgment that the '627 patent is invalid, unenforceable, and not infringed.

## DEMAND FOR JURY TRIAL

38. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ABC hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ABC prays for judgment as follows on Rembrandt's Complaint and on ABC's Counterclaim:

- A. That Rembrandt's Complaint be dismissed with prejudice and that Rembrandt take nothing;
- B. That judgment be entered in favor of ABC against Rembrandt on Rembrandt's Complaint;
- C. For entry of an Order declaring the '627 patent invalid, unenforceable, and not infringed by ABC;
- D. That Rembrandt be required to pay ABC's costs of suit;
- E. That Rembrandt be required to pay ABC's attorney fees pursuant to 35 U.S.C. § 285;
- F. That this case be declared an exceptional case; and

      G.    That ABC be awarded such other and further relief as the court may deem just and proper.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Jack B. Blumenfeld (#1014)*
                                      Jack B. Blumenfeld (No. 1014)
                                      Leslie A. Polizoti (No. 4299)
                                      1201 N. Market Street
                                      Wilmington, DE  19899-1347
                                      (302) 658-9200
                                      jblumenfeld@mnat.com
                                        *Attorneys for Defendant*

Of Counsel:

Matthew D. Powers
Edward R. Reines
Anne M. Cappella
Sonal N. Mehta
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Timothy E. DeMasi
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

January 26, 2007

# CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on January 26, 2007 I electronically filed the foregoing document, which will send notification of such filing(s) to the following:

> Steven J. Balick
> John G. Day
> Ashby & Geddes

I also certify that copies were caused to be served on January 26th, 2007 upon the following in the manner indicated:

**BY HAND**

> Steven J. Balick
> John G. Day
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE  19899

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com