IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06-730-GMS |
| ABC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO COUNTERCLAIM
AND DEMAND FOR JURY TRIAL**

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this reply to the counterclaim of defendant ABC, Inc. ("Defendant"). Rembrandt's responses to the numbered paragraphs of Defendant's counterclaim are set forth below, and Rembrandt hereby denies each and every allegation in Defendant's counterclaim that is not specifically admitted or otherwise responded to herein.

**PARTIES**

28. Admitted.

29. Admitted.

**JURISDICTION AND VENUE**

30. Rembrandt admits that Defendant has alleged that the counterclaim arises under Title 35 of the United States Code, and that Defendant has alleged that this Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, but Rembrandt denies that Defendant is entitled to the relief sought thereunder or to any relief whatsoever.

31. Admitted.

## COUNTERCLAIM – DECLARATORY JUDGMENT '627 PATENT

32. Defendant's attempt to incorporate by reference its Answer and Affirmative Defenses to the Complaint does not comply with Federal Rule of Civil Procedure 10(b) requiring a separate statement of a single set of circumstances, and is therefore too vague and general to permit or require a response. Rembrandt denies the applicability of each and every Affirmative Defense set forth in paragraphs 13 through 27, and all allegations contained therein, to the extent they form part of Defendant's counterclaim, except as stated in paragraph 36, *infra*. No response is required to Defendant's Answer as set forth in paragraphs 1 through 12. Rembrandt also repeats and re-alleges its responses to paragraphs 28-31 of the counterclaim above as if set forth in full herein, and further incorporates by reference its allegations in its Complaint filed on December 1, 2006.

33. Rembrandt admits that Defendant purports to seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and that Defendant has alleged that the counterclaim arises under the patent laws of the United States, Title 35, United States Code, but Rembrandt denies that Defendant is entitled to the relief sought thereunder or to any relief whatsoever.

34. Admitted.

35. Rembrandt admits the allegation regarding infringement, but otherwise denies the remaining allegations regarding validity and enforceability.

36. Rembrandt denies the allegations in paragraph 36 of the counterclaim, including each allegation contained in the referenced paragraphs 14 through 24 of Defendant's Affirmative Defenses, except Rembrandt admits that at one time the '627 patent was assigned to ATT Bell Laboratories, and that AT&T was a participant in the Grand Alliance. Rembrandt also admits that AT&T IPM wrote a letter (Exhibit A hereto) in which it offered to license patents which relate to the ATSC standard. To the best of Rembrandt's knowledge, Defendant did not respond

to that offer. Nevertheless, without obligation to do so, on February 15, 2007, Rembrandt offered to license the '627 patent on terms consistent with the AT&T IPM letter (see letters at Exhibit B hereto).

37. Denied, and further denied that Defendant is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

38. Admitted that Defendant has demanded a trial by jury.

## DEFENSES

Rembrandt asserts the following defenses to the allegations contained in Defendant's counterclaim, but reserves the right to amend this reply to assert additional defenses as they become known through the course of discovery.

## FIRST DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

## DEMAND FOR JURY TRIAL

Rembrandt hereby respectfully requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt respectfully requests: (i) that judgment be entered in its favor, and against Defendant, on Defendant's counterclaim, and that Defendant not be awarded any relief in connection therewith; and (ii) that it be awarded all the relief sought in the Prayer for Relief of its complaint, which is incorporated herein by reference.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

John F. Sweeney
Joseph A. DeGirolamo
Michael O. Cummings
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY 10281-2101
Telephone: (212) 415-8700
Fax: (212) 415-8701
Email: jsweeney@morganfinnegan.com
Email: jdegirolamo@ morganfinnegan.com
Email: mcummings@morganfinnegan.com

Dated: February 15, 2007

177755

# EXHIBIT A

Case 1:06-cv-00730-GMS     Document 12-2     Filed 02/15/2007     Page 1 of 2

 AT&T

James E. Lamar
President

AT&T IPM Corp.
2333 Ponce de Leon Blvd.
Coral Gables, Florida 33134

January 12, 1995

Mr. Robert Hopkins
Executive Director
Advanced Television Systems Committee
1760 K Street NW
Suite 800
Washington DC 20006

Dear Mr. Hopkins:

    Responding to your letter of August 16 to Mr. Robert Rast of General Instrument Corporation as the representative for the Grand Alliance, we will license our patents which relate to the ATSC Standard for HDTV, to the extent that the claims of such patents are directed toward and are essential to the implementation of the Standard. Such licenses will be granted under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. Such reasonable terms and conditions would include a reasonable royalty and a grant of licenses to us.

    If you, or any member of your organization, have any questions concerning the licensing of our patents related to this standard, please contact Mr. David S. Nelson at 908-580-5392.

Very truly yours,

James E. Lamar



Copy to:
R. L. Cerbone
G. D. Green
M. R. Greene
D. S. Nelson

# EXHIBIT B



**R**

**REMBRANDT**

401 City Avenue, Suite 900
Bala Cynwyd, PA 19004
Tel: 610-822-0100
Fax: 610-822-0123

www.RembrandtIP.com

February 15, 2007

Anne M. Sweeney, President, Disney-ABC Television Group
ABC Inc.
77 West 66th Street
New York, NY 10023
Phone: 212-456-7777
Fax: 212-456-1424

Dear Ms. Sweeney:

Rembrandt Technologies, LP ("Rembrandt") presently owns full rights, title and interest in U.S. Patent No.5,243,627 ("the 627 patent").

In January 1995, AT&T IPM wrote the enclosed letter to Mr. Robert Hopkins, the Executive Director of the Advanced Television Systems Committee ("ATSC") which stated, *inter alia*, that "we will license our patents which relate to the ATSC Standard for HDTV ("ATSC standard"), to the extent such patents are directed toward and are essential to the implementation of the Standard." It is our belief that AT&T Corp. was the owner of the '627, that AT&T IPM was an affiliate of AT&T Corp. at the time of the letter, and that the '627 patent is directed toward and essential to the implementation of the Standard.

The letter also stated that "[s]uch licenses will be granted under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. Such reasonable terms and conditions would include a reasonable royalty and a grant of licenses to us." The letter concluded by stating, "[i]f you, or any member of your organization, have any questions concerning the licensing of our patents related to this standard, please contact Mr. David S. Nelson at 908-508-5392." Our present information is that ABC did not respond.

Notwithstanding that Rembrandt does not believe it is obligated to do so, Rembrandt is prepared to license, on a non-discriminatory basis, the '627 for a license fee of one-half percent (0.5%) of all revenues derived from use of the ATSC standard by your company as a broadcaster licensee. Please contact me in writing at Rembrandt IP Management, LLC, 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004, if your company is interested in obtaining such a license and discussing other terms of the license.

Sincerely,

John J. Garland

Attachment

Patent Infringement Solutions

*fig.* 2



**R**

**REMBRANDT**

401 City Avenue, Suite 900
Bala Cynwyd, PA 19004
Tel: 610-822-0100
Fax: 610-822-0123

www.RembrandtIP.com

February 15, 2007

Leslie Moonves, President and CEO
CBS Corporation
51 West 52nd Street
New York, NY 10019-6188
Phone: 212-975-4321

Dear Mr. Moonves:

    Rembrandt Technologies, LP ("Rembrandt") presently owns full rights, title and interest in U.S. Patent No.5,243,627 ("the 627 patent").

    In January 1995, AT&T IPM wrote the enclosed letter to Mr. Robert Hopkins, the Executive Director of the Advanced Television Systems Committee ("ATSC") which stated, *inter alia,* that "we will license our patents which relate to the ATSC Standard for HDTV ("ATSC standard"), to the extent such patents are directed toward and are essential to the implementation of the Standard." It is our belief that AT&T Corp. was the owner of the '627, that AT&T IPM was an affiliate of AT&T Corp. at the time of the letter, and that the '627 patent is directed toward and essential to the implementation of the Standard.

    The letter also stated that "[s]uch licenses will be granted under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. Such reasonable terms and conditions would include a reasonable royalty and a grant of licenses to us." The letter concluded by stating, "[i]f you, or any member of your organization, have any questions concerning the licensing of our patents related to this standard, please contact Mr. David S. Nelson at 908-508-5392." Our present information is that CBS did not respond.

    Notwithstanding that Rembrandt does not believe it is obligated to do so, Rembrandt is prepared to license, on a non-discriminatory basis, the '627 for a license fee of one-half percent (0.5%) of all revenues derived from use of the ATSC standard by your company as a broadcaster licensee. Please contact me in writing at Rembrandt IP Management, LLC, 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004, if your company is interested in obtaining such a license and discussing other terms of the license.

Sincerely,

John J. Garland

Attachment

Patent Infringement Solutions

*fig. 2*



**R**

**REMBRANDT**

401 City Avenue, Suite 900
Bala Cynwyd, PA 19004
Tel: 610-822-0100
Fax: 610-822-0123

www.RembrandtIP.com

February 15, 2007

Jay Ireland, President, NBC Universal Television Stations and Network Operations
NBC Universal Inc.
100 Universal City Plaza
Universal City, CA 91608

Dear Mr. Ireland:

    Rembrandt Technologies, LP ("Rembrandt") presently owns full rights, title and interest in U.S. Patent No.5,243,627 ("the 627 patent").

    In January 1995, AT&T IPM wrote the enclosed letter to Mr. Robert Hopkins, the Executive Director of the Advanced Television Systems Committee ("ATSC") which stated, *inter alia,* that "we will license our patents which relate to the ATSC Standard for HDTV ("ATSC standard"), to the extent such patents are directed toward and are essential to the implementation of the Standard." It is our belief that AT&T Corp. was the owner of the '627, that AT&T IPM was an affiliate of AT&T Corp. at the time of the letter, and that the '627 patent is directed toward and essential to the implementation of the Standard.

    The letter also stated that "[s]uch licenses will be granted under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. Such reasonable terms and conditions would include a reasonable royalty and a grant of licenses to us." The letter concluded by stating, "[I]f you, or any member of your organization, have any questions concerning the licensing of our patents related to this standard, please contact Mr. David S. Nelson at 908-508-5392." Our present information is that NBC did not respond.

    Notwithstanding that Rembrandt does not believe it is obligated to do so, Rembrandt is prepared to license, on a non-discriminatory basis, the '627 for a license fee of one-half percent (0.5%) of all revenues derived from use of the ATSC standard by your company as a broadcaster licensee. Please contact me in writing at Rembrandt IP Management, LLC, 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004, if your company is interested in obtaining such a license and discussing other terms of the license.

Sincerely,

John J. Garland

Attachment

Patent Infringement Solutions



**R**
**REMBRANDT**

401 City Avenue, Suite 900
Bala Cynwyd, PA 19004
Tel: 610-822-0100
Fax: 610-822-0123

www.RembrandtIP.com

February 15, 2007

Peter F. Chernin, President and COO
Fox Entertainment Group, Inc.
1211 Avenue of the Americas, Suite 302
New York, NY 10036
Phone: 212-852-7111
Fax: 212-852-7145

Dear Mr. Chernin :

Rembrandt Technologies, LP ("Rembrandt") presently owns full rights, title and interest in U.S. Patent No.5,243,627 ("the 627 patent").

In January 1995, AT&T IPM wrote the enclosed letter to Mr. Robert Hopkins, the Executive Director of the Advanced Television Systems Committee ("ATSC") which stated, *inter alia,* that "we will license our patents which relate to the ATSC Standard for HDTV ("ATSC standard"), to the extent such patents are directed toward and are essential to the implementation of the Standard." It is our belief that AT&T Corp. was the owner of the '627, that AT&T IPM was an affiliate of AT&T Corp. at the time of the letter, and that the '627 patent is directed toward and essential to the implementation of the Standard.

The letter also stated that "[s]uch licenses will be granted under reasonable terms and conditions on a non-discriminatory, non-exclusive basis. Such reasonable terms and conditions would include a reasonable royalty and a grant of licenses to us." The letter concluded by stating, "[i]f you, or any member of your organization, have any questions concerning the licensing of our patents related to this standard, please contact Mr. David S. Nelson at 908-508-5392." Our present information is that Fox Entertainment did not respond.

Notwithstanding that Rembrandt does not believe it is obligated to do so, Rembrandt is prepared to license, on a non-discriminatory basis, the '627 for a license fee of one-half percent (0.5%) of all revenues derived from use of the ATSC standard by your company as a broadcaster licensee. Please contact me in writing at Rembrandt IP Management, LLC, 401 City Avenue, Suite 900, Bala Cynwyd, PA 19004, if your company is interested in obtaining such a license and discussing other terms of the license.

Sincerely,

John J. Garland

Attachment

Patent Infringement Solutions

fig. 2