A CERTIFIED TRUE COPY

JUN 20 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

07-md-1848

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1848

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,[*] KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee fora – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

[*] Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED
JUN 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A CERTIFIED TRUE COPY

JUN -2 2007

- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comacast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

> FOR THE PANEL:
>
> */s/ Wm. Terrell Hodges*
>
> Wm. Terrell Hodges
> Chairman

## SCHEDULE A

<u>MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation</u>

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
    Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6/21/07
AS A TRUE COPY:
    ATTEST:
PETER T. DALLEO, CLERK
BY  Beth Dunn
    Deputy Clerk